IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CHARLES GIBSON BAILEY,<br><br>Defendant/Movant. | Cause No. CR 19-09-BU-DLC<br>CV 20-41-BU-DLC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On July 6, 2020, the Court received a letter from Defendant Bailey. On August 11, 2020, Bailey filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Bailey is a federal prisoner proceeding pro se.

The Court consulted the reporter's rough draft of the transcript of the sentencing hearing to refresh its recollection of the case. The United States will be required to order the transcript for the record and to deliver a copy to Bailey. *See* 28 U.S.C. § 753(f).

## I. Preliminary Review

Before the United States is required to respond to a § 2255 motion, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b);

1

*see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).  But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II.  Background

On April 19, 2019, a grand jury indicted Bailey on one count of being a prohibited person in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(8) (Count 1); one count of receiving and possessing an illegally made pipe bomb, a violation of 26 U.S.C. §§ 5822, 5861(c), and 5871 (Count 2); and one count of unlawfully manufacturing the pipe bomb, a violation of 26 U.S.C. §§ 5822, 5861(f), and 5871 (Count 3).  *See* Indictment (Doc. 18) at 2–3.  Count 1 arose from Bailey's subjection to a protective order between February 26 and March 25, 2019.  Counts 2 and 3 were alleged to have occurred on March 25, 2019.  Assistant Federal Defender Andrew Nelson was appointed to represent him.  *See* Order (Doc. 5).

Bailey was initially detained, then released on conditions on May 2, 2019. *See* Orders (Docs. 14, 29). On September 24, 2019, his pretrial release was revoked and he was detained. *See* Minutes (Doc. 46); Order (Doc. 47).

Counsel filed pretrial motions to dismiss Counts 1 and 2 and a motion to suppress evidence. On the same day as the motions hearing, a detention hearing was held, and Bailey was again released on conditions, due to the recent death of his father. *See* Mot. for Hr'g (Doc. 70); Minutes (Doc. 72); Order (Doc. 74).

On December 19, 2019, the Court granted the motion to suppress in part, denied it in part, and denied the motions to dismiss. *See* Order (Doc. 77).

About a month later, the parties filed a plea agreement. *See* Mot. (Doc. 78); Plea Agreement (Doc. 79). Bailey agreed to plead guilty to Count 2, and the United States agreed to dismiss Counts 1 and 3. Bailey pled guilty in open court on January 22, 2020. *See* Minutes (Doc. 83).

On February 24, 2020, Bailey was again arrested on allegations that he violated the conditions of his pretrial release. On March 16, 2020, his pretrial release was revoked for a second time. *See* Minutes (Docs. 94, 99, 101); Order (Doc. 102). He remained in custody through sentencing.

On May 8, 2020, at the sentencing hearing, the Court found the advisory guideline range was 46 to 57 months. Allowing for Bailey's lack of criminal history, good employment record, family support, and military service, the Court

varied downward to a sentence of 40 months in prison, to be followed by three years' supervised release.  *See* Statement of Reasons (Doc. 113) at 1 § III, 3 § VI(C), (D); Judgment (Doc. 112) at 2–3.

Bailey did not appeal.  His conviction became final on May 22, 2020.  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Fed. R. App. P. 4(b)(1)(A)(i).

On June 30, 2020, Bailey wrote the Court a letter, stating that he was "trying to get an appeal going for ineffective assistance" of counsel but could not "get anybody to help me."[1]  The Court received the letter on July 6, 2020.  *See* Letter (Doc. 117) at 1.

On August 18, 2020, Bailey timely submitted a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(f)(1); Mot. § 2255 (Doc. 118) at 11–12.

On August 20, 2020, the Court advised Bailey that he did not provide enough information to enable the Court to see potential merit in his allegations of counsel's ineffectiveness.  He was advised that he must allege facts sufficient to support an inference that counsel's performance was unreasonable, *see Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and that, but for counsel's unreasonable performance, Bailey's case would have had a better outcome, *see id.*

---

[1] The Court could not construe the letter as a motion to extend the time to appeal.  The time for extension expired before June 30, 2020.  *See* Fed. R. App. P. 4(b)(1)(A)(i), (4).

at 694.  For example, Bailey claimed counsel gave him only two days to write a letter to submit at sentencing, *see* Mot. § 2255 (Doc. 118) at 6, but he did not allege facts showing why it was unreasonable for counsel not to foresee the timing problem or explain why having more time to write a letter would have led to a better outcome at sentencing.  Bailey was told he must explain each of his claims in this way.  *See* Order (Doc. 120) at 1–2.

Bailey responded on April 12, 2021.  *See* Resp. to Order (Doc. 131).

### III.  Claims and Analysis

Bailey's claims are reorganized here, but all are addressed.

**A.  Diversionary Program**

Bailey contends that counsel should have inquired into diverting his case to a veterans' court or treatment program.  *See* Resp. to Order at 4.  He does not allege facts supporting an inference that counsel somehow lost a realistic opportunity for diverting the prosecution.  But, regardless, his contention cannot support a viable claim for ineffective assistance of counsel.

The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. Amend. VI.

"[A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." *Strickland v. Washington*, 466 U.S. 668, 685 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686 (emphasis added).

The Sixth Amendment's guarantee of effective assistance of counsel does not extend to objectives outside the adversarial process. A diversionary program is not intended to provide "a speedy and public trial" or adversarial testing of evidence. Federal law provides no cognizable right to diversion or to the assistance of counsel in obtaining diversion. This claim is denied.

**B. Sentencing**

Bailey asserts that counsel failed to do several things before or at sentencing. Counsel told Bailey too late that he could present a letter to the Court, did not tell him he would have an opportunity to speak on his own behalf at sentencing, and did not explain that agreeing to appear by video meant he would "be fully shackled in a cell" while appearing for sentencing. Mot. § 2255 at 7. Bailey believes that "the lack of a letter was taken as a sign of arrogance or worse." Resp. to Order at

3.  He also explains that, because he used his allocution time to respond to questions, the hearing was over before he said what he wanted to say.  *See id*. at 3.  He states that he considered submitting now the letter he wanted to write at the time of sentencing, but he was not sure it would be appropriate to do so.  *See* Resp. to Order at 6.  He asserts the "dearth of personal communication" between himself and the Court created a "very unfavorable" impression of him and causes him the most frustration today.  *Id*. at 6.  Bailey also believes that counsel should have invited someone from the Veterans Administration to stand up for him.  *See* Resp. to Order at 4.  He avers that counsel failed to correct "alarming, seeming errors" in the presentence report, specifically concerning the allegation of misconduct underlying his discharge from the Navy.  *See id*. at 5; Presentence Report ¶¶ 83–85.  He believes these errors "resulted in the presentation of what can only be called a foul parody of the person I am."  Resp. to Order at 5.

In formulating a sentence that is "sufficient, but not greater than necessary" to fulfill the objectives of federal sentence, a court must consider "the history and characteristics of the defendant" as an individual.  18 U.S.C. § 3553(a)(1).  But the individual is not the only factor.  A court must also consider "the nature and circumstances of the offense."  It must consider the United States Sentencing Guidelines as well as "the need for the sentence imposed" to "reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment," to "afford adequate deterrence to criminal conduct" generally, to "protect the public from further crimes of the defendant" specifically, and to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (4)–(6). To the extent counsel unreasonably fails to call attention to facts relevant to these criteria, he performs inadequately under *Strickland*. *See* 466 U.S. at 687–88. To the extent there is a reasonable probability a defendant's sentence would have been lower but for counsel's unreasonable performance, the defendant is entitled to a new sentencing hearing. *See id*. at 697.

      Here, however, counsel's performance at sentencing was thoroughly competent. He advocated as well as any lawyer could for a lower base offense level. *See, e.g.*, Sentencing Mem. (Doc. 108) at 3–4. He also highlighted facts that tended to lessen the seriousness of Bailey's conduct, *see id*. at 4–5, and emphasized Bailey's individual history and characteristics, *see id*. at 5–7. Bailey points to no significant error or omission by counsel. His claims do not meet the first prong of the *Strickland* test.

      Further, even combining all the issues Bailey identifies, there is no reasonable probability that he might have received a sentence less than 40 months. His offense conduct was a far more significant driver of his sentence than his concerns recognize. *See, e.g.*, Presentence Report ¶¶ 24–35 (describing conduct in

connection with the federal offense); *id.* ¶¶ 19–22 (describing Bailey's conduct on pretrial release). The sentence he is now serving is the lowest that could reasonably be imposed on him as an individual who pled guilty to possessing eight firearms and three homemade destructive devices while subject to a protective order. *See* Presentence Report ¶¶ 41–51. Bailey's advisory guideline range was 46 to 57 months. As explained above in Part II of this Order, the Court varied downward to arrive at a sentence reflecting Bailey's individual characteristics—including his military service, but also his lack of criminal history, his good employment record, and the support of his family. *See* Statement of Reasons (Doc. 113) at 1 § III, 3 § VI(C), (D). The Court did not have an unfavorable impression of Bailey. Bailey's *conduct* was serious, criminal, and worthy of punishment by incarceration.

The conduct underlying Bailey's conviction and sentence may, in the long run, prove to be a parody of the person he truly is. That is up to him. His sentence was in no way marred by ineffective assistance of counsel.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Bailey's claim that counsel should have inquired into a diverted prosecution does not implicate the Sixth Amendment and so does not make a substantial showing of the denial of a constitutional right. Allegations concerning things that counsel should have done differently at sentencing fall within the bounds of the Sixth Amendment, but Bailey's allegations do not add up to a substantial showing either that counsel was incompetent or that Bailey was prejudiced as a result. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the sentencing hearing, held May 8, 2020, is needed to decide the issues Bailey presents.

2. The United States shall immediately order the transcript of the sentencing hearing for the Court's file and shall deliver a copy to Charles Gibson Bailey, BOP # 17570-046, FCI Florence, Federal Correctional Institution, P.O. Box 6000, Florence, CO 81226.

3. Bailey's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 117, 118, 131) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Bailey files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 20-41-BU-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Bailey.

DATED this 17th day of November, 2021.

_____
Dana L. Christensen, District Judge
United States District Court